OPINION. Turner, Judge: The issue common to the four petitioners is whether the gain from the sale of the fruit on the trees at the time they sold their respective citrus groves was ordinary income, the fruit at the time of the sale not being mature and not, therefore, ready to be harvested. This question has been recently decided by the Supreme Court, in Watson v. Commissioner, 345 U. S. 544, affirming 197 F. 2d 56 and 15 T. C. 800. It was held that on the sale of an orange grove with immature fruit on the trees, such part of the gain realized as was attributable to the crop was ordinary income because realized on the sale of property held primarily for sale to customers in the ordinary course of business. That decision controls this issue, and the respondent is sustained. The other issue relates only to the trust petitioners, who contend that they may return such ordinary income on the installment basis under section 44 of the Internal Revenue Code.[2] On this issue, we think that the petitioners have met the requirements of the statute. If the fruit be regarded as personal property, the facts show that the sales in question were casual sales and not sales in the ordinary course of the petitioners’ trade or business, even though the fruit on the trees at the time of the sale was held primarily for sale to customers in the ordinary course of such trade or business. Furthermore, there can be no question, we think, that a growing crop of citrus fruit would not be “property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year.” If, on the other hand, the growing crop was realty, the statute carries no conditions or limitations on the right of a taxpayer to report its gain under section 44 (b), other than the limitations as to the amounts and times of the payments, and as to those conditions there is no argument that they have not been met. On this issue we accordingly hold for the petitioners. Decisions will be entered wider Rule 50. SEC. 44. INSTALLMENT BASIS. (a) Dealers in Personal Property. — Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the Installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price. (b) Sales op Realty and Casual Sales op Personalty. — In the case (1) of a casual sale or other casual disposition of personal property (other than property of a hind which would properly be included in the inventory of the taxpayer if on hand at the close of the, taxable year), for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 30 per centum of the selling price (or, in case the sale or other disposition was in a taxable year beginning prior to January 1, 1934, the percentage of the selling price prescribed in the law applicable to such year), the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this section. As used in this section the term “initial payments” means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.